UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY D. GORDON,<br><br>           Plaintiff,<br><br>   v.<br><br>JAY INSLEE, et al.,<br><br>           Defendants. | CASE NO. 3:21-CV-5802-BJR-DWC<br><br>ORDER DENYING MOTION FOR COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court is plaintiff's motion for appointment of counsel. Dkt. 10.

A plaintiff has no constitutional right to counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v.*

*Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show plaintiff has an insufficient grasp of the case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of the claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has not demonstrated that extraordinary circumstances exist requiring the appointment of counsel. Plaintiff contends that COVID-19-related lockdowns at the prison in which plaintiff is confined have limited access to the prison's law library, copying and e-filing and make it difficult to meet court deadlines. Dkt. 10 at 2. But the pandemic-related challenges plaintiff is experiencing are no different from those faced by every other *pro se* prisoner litigant during these challenging times. In addition, the Court has not yet entered a scheduling order and there are currently no pending case deadlines. Plaintiff may seek an extension if plaintiff's ability to meet a future deadline is affected by COVID-19-related shutdowns.

Furthermore, plaintiff has demonstrated a sufficient grasp of the legal issues involved in this case. The complaint sufficiently articulates the basis of plaintiff's claims and the Court found it adequate to pass screening and to be served upon defendant. Dkt. 7. In addition, at this

early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's motion for appointment of counsel without prejudice. [1]

Dated this 25th day of January, 2022.

*David W. Christel*
United States Magistrate Judge

---

[1] Plaintiff has also attached an application to proceed *in forma pauperis* (Dkt. 10-1), presumably to support a showing of indigency for purposes of 28 U.S.C. 1915(e)(2). Because the court finds appointment of counsel is not warranted, the Court need not determine whether plaintiff is indigent.

ORDER DENYING MOTION FOR COUNSEL - 3