1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY D. GORDON,

               Plaintiff,

    v.

JAY INSLEE, et al.,

               Defendant.

CASE NO. 3:21-CV-5802-BJR-DWC

ORDER DENYING PLAINTIFF'S
DISCOVERY MOTIONS

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

Judge David W. Christel. Before the Court are two letters from plaintiff, which the Court

construes as a motion requesting (1) an order requiring defendants to pay the costs of copying

documents requested by plaintiff in discovery and (2) the filing of plaintiff's requests for

admissions and interrogatories to defendants. Dkts. 23, 23-1. Defendants have responded (Dkts.

24, 25) and plaintiff filed a reply. Dkt. 26. For the reasons discussed below, the Court denies

both motions. The Court also denies as moot plaintiff's previously filed application to proceed *in

forma pauperis* (Dkt. 10-1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**A.  Payment of Discovery Costs**

Plaintiff contests defendants' counsel's requirement that she pay the copying costs for documents she has requested from defendants in discovery, asserting she cannot afford to pay them. Dkt. 23 at 1. Plaintiff, who paid the initial filing fee, requests that she be granted *in forma pauperis* (IFP) status in order to require defendants to pay the copying costs. *Id*.

Defendants respond that the cost-shifting requested by plaintiff is inappropriate under applicable discovery rules and governing law. Dkt. 24. Defendants submitted evidence showing they have identified approximately 2,270 pages of documents responsive to plaintiff's requests and have offered to provide 100 pages for free (which may be printed double-sided and two per page to include a total of 400 pages free of charge). Dkt. 25-1 at 3. Alternatively, defendants have offered to place all of the documents on a CD to be sent to a third-party designee of plaintiff. *Id*.

Federal Rule of Civil Procedure 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample . . ." the items deemed responsive to the request. Nothing in Rule 34 requires the producing party to bear the costs associated with the production.

Instead, the costs of discovery are to be borne by the party requesting discovery; it is not defendants' responsibility to provide plaintiff with the resources necessary for her to litigate her case at defendant's expense. *See Lewis v. Casey*, 518 U.S. 343, 384–85 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation"); *Manley v. Zimmer*, No. 3:11-CV-00636-RCJ-WG, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and are not the responsibility of the defendants).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

A grant of IFP status does not change this requirement. The *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the up-front payment of the filing fee for an indigent prisoner's civil rights complaint. It does not require the Court to order financing of the entire action or waive fees or expenses for discovery. *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993). Here, plaintiff has paid the filing fee and is not proceeding IFP. But even if she had been granted such status, she would remain financially responsible for all costs of litigation other than the initial filing fee—including the cost of obtaining discovery documents.

Defendants provided Plaintiff with options for the production of documents responsive to her discovery requests. Dkt. 25-1 at 3. The documents could be (1) copied at a rate of 10 cents per page in addition to postage costs, with 100 pages (which could be printed 4 documents per page) free of charge; or (2) produced on a CD mailed to a third-party representative. *Id.* Alternatively (or in addition) to these options, plaintiff may request defendants to make the documents available for her to "inspect" pursuant to Fed. R. Civ. P. 34; plaintiff could take notes during such an inspection, and could also select the 400 pages she wishes to have copied free of charge.

The options suggested by defendants—and the additional option of inspection—clearly comport with the requirements of Rule 34. Plaintiff is not entitled to shift the cost of document production onto defendants and should instead choose from among these options to receive or review the responsive documents. Plaintiff's motion to require defendants to pay copying costs (Dkt. 23) is therefore denied.

1

**B.  *In Forma Pauperis* Application**

2

3        After paying the filing fee to initiate this case, plaintiff subsequently filed an IFP

4  application with her motion for appointment of counsel. Dkt. 10-1. Because the filing fee had

5  already been paid, the Court construed that submission as documentation of indigency for

6  purposes of the motion for counsel. Dkt. 13 at 3 n.1. It now appears plaintiff intended the

7  application to seek IFP status. Dkt. 23 at 2.

8        As discussed above, IFP status serves only to relieve a prisoner of the obligation to

9  prepay the filing fee before initiating a lawsuit. 28 U.S.C. § 1915(a)(1). Here, plaintiff has

10  already paid the filing fee, so any application to waive it is moot. Plaintiff's IFP application is

11  therefore denied as moot.

**C.  Interrogatories and Requests for Admission**

12

13        Plaintiff has also attempted to file with the Court requests for admission and

14  interrogatories directed to the defendants. Dkt. 23-1. The Clerk properly rejected those materials

15  for filing. *See* Notice to Filer dated March 14, 2022. Pursuant to Local Rules, W.D. Wash.

16  ("LCR") 5(d), "discovery requests and responses must not be filed" unless they are submitted as

17  evidence or the Court orders otherwise. Instead, plaintiff must serve them on defendants by

18  mailing a copy to defendants' counsel.[1]

19

20

21

---

22        [1] It appears plaintiff served her requests by mail on May 4, 2022. Dkt. 23 at 4. Plaintiff's reply contends
   that defendants have refused to answer them (Dkt. 26 at 2). However, the responses are not due until June 6, 2022.
23  *See* Fed. R. Civ. P. 33(b)(2) (responses to interrogatories due 30 days after service), 36(a)(3) (responses to requests
   for admission due 30 days after service), 6(d) (when a document is served by mail, three days are added to the
24  response deadline).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**D.  Conclusion**

Plaintiff's request to shift the cost of document production to defendants (Dkt. 23) is DENIED. Plaintiff's request to proceed IFP (Dkt. 10-1) is DENIED as moot because plaintiff has already paid the filing fee. Plaintiff's request to file interrogatories and requests for admission (Dkt. 23-1) is DENIED.

Dated this 23rd day of May, 2022.

David W. Christel
United States Magistrate Judge